IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RODRIQUEZ L. JOHNSON,**

    Petitioner,

v.                                                    CIVIL ACTION NO. 2:14-cv-27

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Rodriquez L. Johnson's ("Johnson") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 9. The Motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Eastern District of Virginia Local Civil Rule 72. On October 1, 2014, the District Judge denied Johnson's Motions to Appoint Counsel and for a Hearing. ECF No. 16. This matter now being ripe for recommended disposition, and for the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED**, and Johnson's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Johnson was charged with first degree murder, robbery, and two firearm offenses, all arising out of events that occurred in Portsmouth, Virginia on the evening of July 4, 1995. Johnson pled not guilty to all four charges and exercised his right to a jury trial, which was

conducted on January 28 and 29, 1997, in Portsmouth Circuit Court ("the trial court"). Court-appointed counsel represented Johnson at the trial. The state called several witnesses to testify, including a medical doctor, a forensic scientist, two police officers, and two eyewitnesses, who identified Johnson as the murderer. One witness, Todd Sweeney, affirmed that he was "absolutely certain" that he saw Johnson shoot the victim. Tr. at 58, 66. Sweeney admitted at trial to originally lying to the police when he was questioned after the murder; he further acknowledged on cross examination that the police originally suspected him of the murder. Tr. at 71-75. The second eyewitness, Joseph Ward, testified that he witnessed the murder and affirmed that he was "absolutely certain" that Johnson was the murderer. Tr. at 79, 82. Like Sweeney, the police originally suspected Ward of the shooting. Tr. at 85-88. Johnson's counsel questioned Ward about his failure to identify Johnson as the murderer until several months after the police accused Ward of the crime. Tr. at 85-87. On January 29, 1997, at the conclusion of the prosecutor's case, Johnson's attorney moved to strike, arguing that the testimony of the two eyewitnesses lacked credibility. Tr. at 25-29. The trial court denied the motion, deferring credibility determinations to the jury. Tr. at 29-30.

The jury convicted Johnson on January 30, 1997 of first degree murder, robbery, and two firearm offenses. Tr. at 2-4. Thereafter, Johnson's attorney moved to set aside the verdict, arguing that the two eyewitnesses lacked credibility, but the trial court denied the motion. Tr. at 5. The trial court sentenced Johnson on March 26, 1997, to seventy-three years of imprisonment with no time suspended. Tr. at 11-12.

The trial court appointed appellate counsel for Johnson on March 26, 1997, and Johnson's counsel filed a notice of appeal on April 2, 1997. *See* ECF No. 1 at 38. At some subsequent point, though the record is unclear as to exactly when, Johnson discharged his court-

appointed counsel and hired counsel for his appeal. Johnson's hired counsel moved for a time extension on July 18, 1997, asking for forty-five extra days to file the petition for appeal. The motion was granted on July 22, 1997. *Id.* at 35. Documents submitted by Johnson indicate that he failed to pay his hired counsel's retainer; the hired counsel warned Johnson that he would not file the petition until the retainer was paid; and, when Johnson still failed to pay the retainer, counsel did not file the petition. *See id.* at 37. The extended deadline for the petition was September 4, 1997; however, no petition was ever filed, and the Virginia Court of Appeals dismissed the appeal on September 22, 1997. *See id.* at 36.

On August 15, 2000, slightly less than three years later, Johnson filed a habeas petition in the trial court, claiming that his appeal was wrongfully dismissed. Johnson claimed that his hired lawyer had a constitutional duty to file Johnson's petition for appeal even though Johnson had not paid him. The trial court dismissed the appeal as time barred on September 28, 2000. *See Johnson v. Angelone*, Record No. CL06-1490. Johnson filed a notice of appeal on March 15, 2001, but never filed a petition for appeal.

On September 10, 2007, Johnson again filed a habeas petition in the trial court on the grounds that he was deprived of his right to appeal because of misrepresentations by his counsel. Johnson claimed that he signed a habeas petition in December 1998, but his attorney failed to file it until August 2000, which Johnson alleged was ineffective assistance of counsel. The trial court again dismissed the petition as time barred on December 5, 2008. *See Johnson v. Director of Dep't of Corrs.*, Record No. CL07002011.

Johnson filed a third habeas petition in the trial court on December 1, 2011. This petition included two affidavits allegedly from two eyewitnesses who testified against Johnson at his

trial, though the names of the affiants differed from the names of trial witnesses.[1] The affidavits recanted the trial testimony of both witnesses. The Virginia Court of Appeals dismissed the petition on December 20, 2011. *See Johnson v. Commonwealth*, Record No. 2404-11-1. The Virginia Court of Appeals "assume[d] without deciding that Swinney and Ward are the same individuals who testified at petitioner's trial," despite the differences in their names. *Id.* at 1. The Virginia Court of Appeals held, however, that Johnson "had not established the truth of Swinney's and Ward's recantations by clear and convincing evidence," noting that the witnesses' credibility was sufficiently tested through cross examination, and the jury nonetheless "found their trial accounts credible." *Id.* at 4. The Virginia Court of Appeals further held that Johnson failed to prove that, "considering Swinney's and Ward's affidavits, no rational trier of fact could have found him guilty beyond a reasonable doubt." *Id.* Johnson filed a notice of appeal on January 5, 2012, but never filed a petition for appeal, and the appeal was subsequently dismissed.

Johnson filed the instant petition on January 23, 2014.[2] ECF No. 1. The undersigned interprets Johnson's petition as raising two claims of entitlement to habeas relief:

(1) Johnson's "6th Amendments [sic] right to effective representation of counsel on appeal" was violated, *id.* at 5; and,

(2) Johnson is "actually innocent," as demonstrated by two affidavits of "recently recanted" trial testimony, *id.* at 17-19.

The Attorney General of Virginia, acting on behalf of the Respondent, filed a Rule 5 response, a Motion to Dismiss, a brief in support, and *Roseboro* notice on July 14, 2014. ECF Nos. 9-12.

---

[1] The same affidavits presented to the trial court are presented in Johnson's instant petition. At trial, one of the witnesses identified himself as "Todd G. Sweeny." Tr. at 58. The affidavit provided by Johnson, however, is by "Todd Swinney." ECF No. 1 at 33. The second witness identified himself at trial as "Joseph Lamar Ward." Tr. at 79. The affidavit provided by Johnson, however, is by "Treslyn Ward." ECF No. 1 at 32.

[2] The undersigned uses the date that Johnson's petition was filed by the Clerk as his date of filing because Johnson did not state when he placed the petition in the prison mailing system. *See* ECF No. 1 at 14.

Johnson filed a response in opposition to the Respondent's Motion to Dismiss. ECF No. 15. Thus, the Motion to Dismiss is ripe for recommended disposition.

## II. ANALYSIS

### A. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review, or the factual predicate of the claim being asserted in the petition could have been discovered with due diligence, whichever is the latest.[3] 28 U.S.C. § 2244(d)(1)(A), (D). For the following reasons, the undersigned concurs with the Respondent's argument that Johnson's Petition is time-barred.

Johnson's conviction became final and, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations began to run on October 22, 1997, after the thirty days in which to file a petition for appeal to the Supreme Court of Virginia from the Court of Appeals of Virginia's dismissal expired. *See* Va. Sup. Ct. Rule 5:17(a)(2). Johnson filed the current federal habeas petition approximately sixteen years after the judgment became final. To explain his delay in filing, Johnson claimed that the affidavits have "only recently been made available to [him]." ECF No. 1 at 17. However, even assuming that the affidavits were newly discovered evidence such that the statute of limitations began running in 2011 when Johnson allegedly discovered them,[4] ECF No. 15 at 5, the current petition is nonetheless time barred. Notwithstanding Johnson's failure to comply with the statute of limitations, the Court must consider whether his

---

[3] 28 U.S.C. § 2244(d)(1)(B) and (C), which address other means by which to calculate the one-year statute of limitations, are not applicable here and will not be discussed.

[4] The Fourth Circuit has cautioned "that the grounds for habeas relief on the basis of newly discovered evidence are exceedingly narrow." *Stockton v. Virginia*, 852 F.2d 740, 749 (4th Cir. 1988). However, this Court need not consider whether the recantations constitute newly discovered evidence because even granting Johnson the widest latitude and allowing the statute of limitations to run from the discovery of the affidavits, the petition is still untimely.

petition may be saved by the application of statutory or equitable tolling.

*1. Statutory Tolling*

Generally, the limitation period for filing a § 2254 petition is tolled during the time in which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2) (emphasis added). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (denying statutory tolling to an improperly filed petition because the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Subsequently filed habeas petitions do not reset the date on which the one year period begins to run. *See, e.g., Engle v. Clark*, No. 3:12CV586, 2014 WL 2157616, at *3 (E.D. Va. May 23, 2014) (refusing to toll the time in which a state habeas petition was pending when it was filed after the one-year statute of limitations period expired).

None of Johnson's three state habeas petitions were filed within the one-year limitation period imposed by Virginia's procedural rules for post-conviction petitions, and accordingly, are not "properly filed" petitions eligible for statutory tolling. *See* Va. Code § 8.01-654. Thus, because the petitions were untimely, the undersigned **FINDS** that Johnson is not entitled to statutory tolling for the time his state habeas petitions were pending.

*2. Equitable Tolling*

A habeas petition ineligible for statutory tolling may be entitled to equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003). Johnson impliedly conceded that his claim

is time barred, and instead, he argued that he is "clearly" entitled to "equitable tolling" because of his "prima facie showing of actual innocence." ECF No. 1 at 15-16. To qualify for equitable tolling, a petitioner must overcome a high hurdle because only in "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result" will a court equitably toll the limitation period. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Thus, a petitioner "is only entitled to tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. Most recently, the United States Supreme Court held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Johnson failed to demonstrate how extraordinary circumstances prevented him from filing his petition until now, or even proffer any argument to permit the undersigned to apply equitable tolling. Johnson allegedly discovered the recantations in 2011. ECF No. 15 at 5. However, Johnson filed the current petition on January 23, 2014. The delay is considerably untimely, and Johnson failed to offer any justification for that delay. Moreover, "[i]f the petitioner knew or could have discovered that the witness was willing to recant his or her testimony prior to the time the affidavit is executed, the limitations period begins to run on the prior date." *DiCaprio-Cuozzo v. Johnson*, 744 F. Supp. 2d 548 (E.D. Va. 2010). Johnson's failure to describe how he discovered the affidavits prevents this Court from determining whether he could have discovered them sooner. Therefore, the undersigned **FINDS** that the exceptional remedy of equitable tolling does not apply in this case, and Johnson's petition should

7

be **DISMISSED** as time barred.

## B. Simultaneous Exhaustion and Procedural Default

Although Johnson's petition may be dismissed as time barred, it is also procedurally defaulted and may alternatively be dismissed on that basis. Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims and whether the petitioner's claims are barred by procedural default. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

Johnson never appealed either his original conviction or the denial of any of his three habeas petitions. Johnson even conceded that he "has not exhausted [his] state remedies, as defined by statute and therefore [has] incurred a procedural default." ECF No. 1 at 20. Accordingly, Johnson failed to give the Virginia appellate courts the opportunity to fully review

8

his case, and he failed to exhaust his state remedies.

However, this finding does not conclude the exhaustion analysis of Johnson's claims because "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Simultaneous exhaustion and procedural default "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Indeed, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." *Baker*, 220 F.3d at 288.

As Johnson did not present his claims to the Supreme Court of Virginia, they are unexhausted. However, if Johnson attempted to raise these claims now, they would be procedurally barred as untimely, under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations, and as successive, under Virginia Code § 8.01-654(B)(2), which prohibits successive habeas petitions. Thus, "[s]ince the procedural bar that gives rise to exhaustion is an independent and adequate state ground, [all] of [Johnson's] claims raised in the instant petition must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow v. Dir., Dep't of Corrs.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006). Johnson similarly concedes that he has "incurred a procedural default." ECF No. 1 at 20.

Notwithstanding Johnson's simultaneous exhaustion and procedural default of his claims, he may still overcome procedural default and have his claims addressed on the merits if "he is

able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). Johnson argued that he can overcome his procedural default for two reasons: because "the circumstances of [his] particular case warrant excusal, under the 'cause and prejudice' doctrine," *id.* at 20, and because he "is actually innocent," *id.* at 17.

### *1. Cause and Prejudice*

"In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "The following objective factors may constitute cause: '(1) interference by officials that makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, Case No. 3:10-cv-543, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright v. Angelone*, 151 F.3d 151, 160 n.5 (4th Cir. 1998)). The inquiry focuses, then, on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McClesk v. Zant*, 499 U.S. 467, 498 (1991). However, "[m]ere failure to discover the factual basis of the claim does not establish cause." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *3 (E.D. Va. Mar. 20, 2009) (citations omitted).

First, Johnson argued that he has demonstrated cause for and prejudice from the procedural default under the fourth objective factor by showing that he "was effectively denied

[his] right to the judicial appellate process [due to his] counsels [sic] unprofessional errors." ECF No. 1 at 20. However, "in order for ineffective assistance of counsel to serve as cause and prejudice to exclude a defaulted claim, the petitioner must not have procedurally defaulted his underlying ineffective assistance claim." *Salyers v. Johnson*, No. 7:07cv403, 2007 WL 3339312, at *2 n.1 (W.D. Va. Nov. 9, 2007). Claim One, Johnson's claim of ineffective assistance of counsel, was "presented to the state courts" multiple times, *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000), and, each time, was dismissed as time barred. Thus, Claim One is procedurally defaulted and cannot be used to "establish cause for a procedural default." *Id.* at 452 (quoting *Murray*, 477 U.S. at 452). Additionally, assuming arguendo that he did receive ineffective assistance on his appeal in 1997, and even if such a claim was not itself procedurally barred, Johnson failed to justify why the alleged ineffective assistance prevented him from filing his habeas petition in a timely manner; rather, Johnson "delayed in filing his state habeas petition regardless of any alleged ineffective assistance of counsel to file a notice of direct appeal." *Cardoza v. Wallace*, No. 7:09-CV-000507, 2010 WL 227856, at *2 (W.D. Va. Jan. 19, 2010). Other than claiming ineffective assistance of appellate counsel, Johnson failed to claim that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. As such, the undersigned **FINDS** that Johnson failed to establish cause and prejudice.

### 2. Actual Innocence

Despite Johnson's inability to show cause for his procedural default, he may still overcome the procedural bar if he is able to demonstrate that failure to review his habeas claims will result in a fundamental miscarriage of justice. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant

must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 496). In his petition, Johnson argued that he is "actually innocent," ECF No. 1 at 17, and, as such, qualifies for "the fundamental miscarriage of justice exception" to the procedural default doctrine, *id.* at 16.

To prove a claim for actual innocence, and thus overcome the procedural default bar, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 326 (1995). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare," and the "standard is 'demanding' and seldom met." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

To determine if a petitioner's claims of actual innocence based on alleged recantations are supported, courts consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 331-32. Examples of evidence establishing factual innocence include credible declarations of guilt by another, *Sawyer v. Whitley*, 505 U.S. 333, 340-41 (1992), trustworthy eyewitness accounts, and exculpatory scientific evidence, *Schlup*, 513 U.S. at 324. Moreover, the original factual findings by the state court are reviewed under a "highly deferential standard" and are "given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "This is especially true where state courts have resolved issues like witness credibility, which are factual determinations . . . ." *Jones v. Seifert*, 808 F. Supp. 2d 900, 919 (S.D.W. Va. 2011) (internal quotations omitted).

Alleged recantations are "properly viewed with great suspicion," *Dobbert v. Wainwright*, 468 U.S. 1231, 1233-34 (1984), are generally "received skeptically," *Thompson v. Garrison*, 516 F.2d 986, 988 (4th 1975), and "[w]here the circumstances surrounding the recantation suggest it

is the result of coercion, bribery, or misdealing, the district court is justified in disregarding it," *United States v. Johnson*, 487 F.2d 1278, 1279 (4th Cir. 1973). For example, in *United States v. Wilson*, the Fourth Circuit held that a recantation was not credible because the trial court had ample opportunity to determine the witness's credibility at trial, and the testimony was corroborated by other witnesses' testimonies. 624 F.3d 640, 665 (4th Cir. 2010).

To prove his actual innocence, Johnson submitted two affidavits of trial witnesses allegedly recanting their trial testimony. ECF No. 1 at 32-33. Johnson asserted that these affidavits, discovered by him in 2011, constitute new, reliable evidence as is required to apply the actual innocence exception. *See Schlup*, 513 U.S. at 324. Other than Johnson's assertions about the authenticity of the affidavits, he provided no evidence indicating that the affidavits are reliable and true, and were not produced by threats or coercion. Johnson also failed to disclose how he discovered the affidavits.

The Virginia Court of Appeals, in evaluating Johnson's claims of actual innocence based on the same affidavits before this Court, found that the affidavits were not credible. *See Johnson v. Commonwealth*, Record No. 2404-11-1. The Virginia Court of Appeals considered the credibility of the affidavits and noted that the jury thoroughly evaluated the witnesses' credibility at trial. *Id.* at 4. Sweeney's credibility was tested at trial when he testified about lying to the police and originally being a murder suspect. *Id.* Similarly, Ward's credibility was tested at trial when he testified that he did not come forward with information about the murder until he himself was accused of it. *Id.* The Virginia Court of Appeals noted that the jury had ample opportunity to question the credibility of both witnesses but still convicted Johnson. *Id.* The Virginia Court of Appeals further noted that concluding that the new affidavits would have impacted the conviction would be entirely speculative. *Id.*

Here, Johnson failed to show by clear and convincing evidence that the affiants were the same persons who testified against him. Even if they were the same persons, Johnson failed to show that the affidavits are authentic and made free of fraud or coercion. Even the names of both affiants differ from the trial witnesses' names. Additionally, the jury determined at trial that the testimony by both witnesses was reliable, and the determination by the jury as to the credibility of both witnesses should be "presumed to be correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Johnson failed to show that, "in light of [the affidavits], no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928. Accordingly, the undersigned **FINDS** that Johnson failed to meet the high standard of proof required by the actual innocence exception. Because Johnson cannot overcome his procedural default through either cause and prejudice, or actual innocence, the undersigned will not review the merits of Johnson's claims. *See Coleman*, 501 U.S. at 750.

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED**, and that Johnson's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Johnson is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A

party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 9, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the preceding Report and Recommendation was mailed on this date to the following:

Mr. Rodriquez L. Johnson, #1092656
Nottoway Correctional Center
P.O. Box 488
Burkeville, Virginia 23922
*Pro Se* Petitioner

Mr. Craig Winston Stallard
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
December 9, 2014